# Staunton

J. H. DOTSON V. G. H. DICKENSON, RECEIVER OF THE FIRST
NATIONAL BANK OF GRUNDY, VIRGINIA.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*S. H. & George C. Sutherland,* for the plaintiff in error.

*H. Claude Pobst,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This case shows the following uncontroverted facts: W. Clyde Dennis, the trial justice of Buchanan county, upon the application of R. W. Kelly, receiver of the First National Bank of Grundy, Virginia, issued a warrant in debt for J. H. Dotson and F. E. Morgan, to appear at Grundy, Virginia, in said county on the 9th day of February, 1935, upon a claim for the sum of $494.75, with interest and attorney's fees. The warrant was dated December 31, 1934. The record does not disclose when it was delivered or placed in the course of delivery to an officer to be executed. Service of the warrant was duly made by the sheriff of that county on January 17, 1935, less than thirty days from the return day. Dotson did not appear on the date fixed for the trial, and judgment was rendered against him for the amount claimed. An execution of *fieri facias* was issued the same day for the amount of the judgment, and the judgment was docketed on August 15, 1935, in the clerk's office of the above-named county.

G. H. Dickenson having succeeded R. W. Kelly as receiver of the said bank, notice, in writing, was served on him that the plaintiff in error would, on the 13th day of April, 1936, move the circuit court for the county aforesaid, to quash the above *fieri facias,* and to set aside and annul the judgment upon which it was based.

The notice assigned as grounds of the motion that the notice and summons on which the judgment was rendered, "was made returnable more than thirty days after the date of its issuance." The trial judge denied the motion to quash.

The sole assignment of error is to the action of the trial court, and the sole question for decision is whether the warrant was made returnable more than thirty days after its issuance.

The briefs devote considerable argument to the confusion in the statutes arising out of the establishment of the trial justice system in this State. In the gradual creation and enactment of that system, with amendments from time to time increasing the powers, authority and jurisdiction of trial justices, police justices and civil justices, leaving certain concurrent powers to justices of the peace, some of the new statutes are in apparent contradiction of old statutes. The new statutes have not always been correlated and coördinated with those still applying to the old practice. The manifest intention of the legislature is to supplant the old system with the new, leaving in the old system only certain specified powers, including the right to issue warrants, but not to try them. In order to make successful the establishment and operation of the new system and to carry out the intention of the legislature, we may imply from the language used in the statutes the adoption of the prevailing rules of legal procedure when not otherwise specified.

But we do not think it is necessary to go into any exhaustive discussion of the inconsistencies in the statutes. It seems here to be only necessary to determine the date of the issuance of the warrant, and to determine whether it was returnable within thirty days thereafter.

Virginia Code 1936, section 6020, provides that a justice, "when applied to by any person, shall issue a warrant * * * to summon the person * * * to appear * * * on a certain day not exceeding thirty days from the date thereof."

Although trial justices may also issue warrants, a search of the statutes fails to disclose within what time a

warrant shall be made returnable after its issuance by a trial justice. Inasmuch as Code, section 4987f, sub-sections 6 and 7, confer on trial justices the same power and authority as that formerly held by justices of the peace, the same provisions with reference to the issuance of warrants and writs by the latter would seem to apply to warrants and writs issued by the former.

The plaintiff in error contends that the words "thirty days from the date thereof," in section 6020, refer to the date placed on a warrant when it is drawn up and signed by a justice or trial justice, and that such date constitutes the date of issuance.

The purpose of the statute is to authorize the issuance of warrants for small claims. The method of issue and the procedure after issue are prescribed. The legal procedure to enforce a claim or demand has no life or being until a justice "shall issue a warrant" therefor. It is necessary to "issue" a warrant in order to begin the action.

The date of the writing or signing of a warrant is immaterial, if the warrant is issued and served within the time prescribed by law. There may be a mistake as to the date when signed, or the warrant may never be issued, as a matter of law, although signed. For various reasons, it may be withheld or delayed in the course of delivery to the execution officer. The limitation as to the date returnable naturally applies to a warrant which has been issued. There can be no good reason for requiring a time limit on a warrant not issued. Both the time of the issuance of a warrant and the time of its service are material. A definite time should be set, and is set, within which a live proceeding shall be heard. It should and must be executed by service a certain number of days before the return day, in order for the defendant to prepare his defense, if any. It seems evident, therefore, that the words "thirty days from the date thereof," refer to the date of the issuance of the warrant.

What is the date or time of the issuance of a warrant? The answer is provided in the general law, under the chap-

ter "Process, and the Order of Publication," Virginia Code 1936, section 6061, as follows:

"The process to commence a suit shall be a writ commanding the officer to whom it is directed to summon the defendant to answer the bill or action. * * * It shall not be deemed to have been issued until delivered or placed in course of delivery to some officer or other person to be executed."

It is evident that the last sentence of the above section, first appearing in the Code revision of 1919, was placed there in order to settle definitely the question as to when a writ may be said to "issue."

██ The warrant in the case before us was a writ. It was nothing more than a notice of the plaintiff's claim. We are not told when it was delivered, or placed in course of delivery to an officer to be executed. We do not know whether the trial justice held it awaiting an opportunity to contact that officer, whether it was placed in the mail, and therein, or otherwise, delayed in the course of delivery. The service on January 17, 1935, was within thirty days from the return date of the warrant, and twenty-three days before trial. It gave to the defendant all the notice required by law. The burden was upon the plaintiff in error to show that the date of the issuance of the warrant was more than thirty days before its return date. Not only has he wholly failed to show this, but he has failed to show that any injustice has been done to him.

The judgment of the trial court is affirmed.

*Affirmed.*

HUDGINS, J., dissenting.

The warrant issued by a justice in this case bears date December 31, 1934. It is made returnable on February 9, 1935, more than thirty days from its date. Section 6020 provides:

"A justice, when applied to by any person, shall issue a warrant directed to a constable or the sheriff or sergeant of the county or corporation wherein the defendant resides, to-

gether with a copy thereof, requiring him to summon the person against whom the claim is to appear before him or some other justice on a certain day, *not exceeding thirty days from the date* thereof to answer such claim." (Italics supplied.)

No other statute is applicable. No refined or astute reasoning can change the fact that there is more than thirty days between December 31, 1934, and February 9, 1935. A warrant or any other process not returnable within the time fixed by law is void. Burks' Pleading & Practice (3d Ed.) 60. The quoted provision of section 6020 is still the law of the land and should be enforced as such.